The Honorable David L. Gibbons Prosecuting Attorney Fifth Judicial District P.O. Box 3080 Russellville, AR 72811
Dear Mr. Gibbons:
I am writing in response to your request for an opinion of the following questions regarding Act 984 of 2001 (codified at A.C.A. § 14-20-108
(Supp. 2001)), which as you note provides for an election on the issue of a levy of volunteer fire department dues:
 1. If the levy is approved by the voters, does payment of the dues become mandatory as with property taxes? If not, what is the department's remedy for non-payment?
2. May different departments within a county impose different dues?
 3. Is the election contemplated by Act 984, to be county wide or only in those areas within the requesting volunteer fire department district?
RESPONSE
With regard to your first question, payment of the dues is mandatory in the sense that such dues are to be collected at the same time and in the same manner as personal property taxes, which must be paid before general real estate taxes can be paid. The answer to your second question is, generally, "yes." The answer to your third question is unclear under the act, and may depend upon action by the quorum court in designating the volunteer fire department's geographical service area.
Question 1 — If the levy is approved by the voters, does paymentof the dues become mandatory as with property taxes? If not, whatis the department's remedy for non-payment?
Arkansas Code Annotated § 14-20-108, as amended by Act 984 of 2001, provides for an election on the issue of the levy of volunteer fire department dues as follows under new subsection (a) (1) (B):
 (a)(1)(B)(i)(a) When any quorum court receives a request for the levy of volunteer fire department dues, if the request has been signed by the fire chief and all other officers of a volunteer fire department and duly filed with the county clerk, the quorum court by ordinance shall call for an election of the issue of the levy of the volunteer fire department dues on each residence.
 (b) The issue may be placed on the ballot at a special election or a general election and in each case shall comply with the laws of this state pertaining to special elections and general elections.
 (c) If the levy is approved by a majority of those voting on the issue, the dues shall be listed annually on personal property tax statements and collected at the same time and in the same manner as personal property taxes.
A.C.A. § 14-20-108(a)(1)(B)(i) (Supp. 2001).
Payment of personal property taxes is, of course, mandatory under state law, which requires that such taxes shall be "due and payable on and from the third Monday in February to and including October 10 in the year succeeding the year in which the levy is made." A.C.A. § 26-35-501
(Repl. 1997). Provision is also made for the payment of personal property taxes at the same time as general real estate taxes. A.C.A. § 26-35-601
(Supp. 2001). The collector is prohibited, moreover, from accepting payment of real estate taxes without requiring the payment of personal property taxes. Id. These same procedures apply with respect to volunteer fire department dues that are levied following an election, pursuant to A.C.A. § 14-20-108(a)(1)(B)(i)(c), supra. It thus seems clear that payment of the dues is mandatory in this sense as with personal property taxes. If the dues are unpaid, the procedures for collecting delinquent personal property taxes will apply, in my opinion. See A.C.A. §§ 26-36-206
(distraint of goods) and 26-36-207 (garnishment).
Question 2 — May different departments within a county impose differentdues?
The answer to this question is, generally, "yes." Section 14-20-108 does not address the dues that are charged by a volunteer fire department in consideration of the service it provides. Prior to its amendment, Section14-20-108 did include a provision authorizing the county quorum court to establish a volunteer fire department's dues, which would become a lien upon the property within the designated geographical area. See A.C.A. §14-20-108(b)(1) (Repl. 1998). This language, however, regarding "dues to be established by the [quorum] court," (id.) is no longer included in §14-20-108(b)(1), following the amendment by Act 984 of 2001. I have found no other provision addressing the dues that are charged by volunteer fire departments.[1] It appears that the dues are established by each department, and that different departments within a county may therefore charge different dues.
Question 3 — Is the election contemplated by Act 984, to be county wideor only in those areas within the requesting volunteer fire departmentdistrict?
I must initially note in addressing this question that the term "district" ordinarily does not apply to volunteer fire departments that are organized as private nonprofit corporations to provide fire protection services. In my opinion, § 14-20-108 is addressed to these types of volunteer fire departments, rather than suburban fire improvement districts or fire protection districts whose boundaries are set in accordance with the specific statutory authority governing their formation. See n. 1, supra and A.C.A. §§ 14-92-101 et seq.; §§ 14-284-101et seq.; §§ 14-284-201 et seq.
I believe this distinction is important for purposes of your question, because one of the problems in interpreting the election provision in Act 984 of 2001 stems from the fact that there may be some uncertainty regarding the service area of a private, subscription volunteer fire department. If the quorum court has acted pursuant to § 14-20-108(b)(1) and designated the geographical area that the department may serve, then in my opinion the election shall be held in that area. As amended by Act 984 of 2001, Section 14-20-108(b)(1) provides:
 The [quorum] court by majority vote may designate the geographical area that a volunteer fire department may serve.
It seems clear that the election would be held only in that geographical area and not countywide, if the service area has been so designated by the quorum court. The answer is less clear, however, in my opinion, in the absence of such a designation. Holding the election countywide does not reasonably follow, in my opinion, given the fact, as reflected in §14-20-108(a)(1)(A), that this is an alternative means of collecting the "dues charged by the department or departments in consideration of providing fire protection to unincorporated areas in the county." (Emphasis added.) I believe it may reasonably be concluded from this language that the act contemplates the election being held in the areas that are served, rather than countywide. Determining the areas that are served remains uncertain, however, in my opinion.
A possible interpretation is that the election will be held in the area served by the volunteer fire department as indicated in its request for the election that must be filed with the county clerk under §14-20-108(a) (1) (B) (i) (a), supra. This is not readily gleaned, however, from § 14-20-108, and could result in one department effectively displacing another, a consequence that is not easily inferred.
It becomes apparent that the act is unclear on this point, and would benefit from legislative clarification. Indeed, other problems have been identified in implementing § 14-20-108(a)(1)(B). I concluded in a recent opinion that the problems do not render the legislation unlawful. Op. Att'y Gen. 2001-385 (copy enclosed). Some clarification of these issues does, however, appear to be indicated. In the meantime, with regard to your particular question involving the election, it appears that the quorum court could resolve the uncertainty by designating the service area of the department requesting the election.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
Enclosure
[1] I am referring in this regard to volunteer fire departments that are organized as private nonprofit corporations, or so-called "subscription" fire departments, as these are the departments to which §14-20-108 presumably applies. See Op. Att'y Gen. 96-114 (opining that §14-20-108 (b) has reference to private nonprofit subscription fire departments, and noting the other types of entities that might be referred to as "volunteer fire departments").